UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

        Plaintiff,

v.

        CASE NO. 11-14767
        HONORABLE AVERN COHN

GEORGE B. MULLISON,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a *pro se* civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Leonarr Moore has been granted leave to proceed without prepayment of the filing fee for this action. In the complaint, plaintiff asserts that the defendant, defense attorney George B. Mullison, conspired with state officials and the Michigan Court of Appeals to ensure that his state criminal convictions were upheld on appeal. Plaintiff sues the defendant in his individual capacity and seeks injunctive relief and punitive damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and/or for failure to state a claim upon which relief may be granted.

### II. Legal Standard

The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Analysis

Plaintiff's complaint concerns his state criminal appellate proceedings and his continued incarceration. Plaintiff has previously filed a civil rights complaint with this Court against the same defendant, essentially raising the same allegations contained in the present complaint. That case was summarily dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See Moore v. Mullison*, No. 11-13527 (E.D. Mich. Sept. 13, 2011).[1]

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Here, all four elements are present. Plaintiff's prior lawsuit was dismissed by the

---

[1] The present case was reassigned to the undersigned as a companion to case number 11-13527. *See* Doc. 5.

2

Court on the merits for failure to state an actionable civil rights claim under § 1983. The defendant in the present lawsuit is the same criminal defense attorney who was the defendant in the prior lawsuit. Plaintiff's present complaint raises the same issues and claim contained in his prior lawsuit. As such, the present complaint is barred by the doctrine of *res judicata* and must be dismissed as frivolous. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Moreover, even if the complaint were not subject to dismissal on *res judicata* grounds, it is subject to dismissal for failure to state a claim upon which relief may be granted for the reasons stated in the Court's previous opinion in case number 11-13527.

## IV.  Conclusion

For the reasons stated above, plaintiff's complaint is barred by *res judicata* and otherwise fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the complaint is **DISMISSED WITH PREJUDICE**. The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

Dated: November 7, 2011         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Leonarr Moore, 527598, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 on this date, November 7, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160